Whyte, Judge,
delivered the judgment of the court. As to the first objection, we think it is not sustainable; for were a felon only to be arrested on a warrant to be issued by the magistrate of the county where the felony was *59 committed, it would necessárilj, in many instances, produce a failure of justice and facilitate the means of escape. All that is necessary, I conceive, is, that the accused he guilty of the felony, and that the proceedings against him after he has been arrested and brought before the magistrate, be pursuant to the statute of 1715, ch. 16, which, as it seems to me, has been complied with in this' case. See Phillips’ Ev. 278-9.
Neither is it believed the second objection is sustainable. The English practice, under the 2d and 3d Ph. and M. ch. 10, always has been to read the depositions of witnesses taken upon oath, in the presence of the prisoner and the magistrate before whom he has been brought on a charge of felony, and to give them in evidence on the trial of an indictment for the same felony, if it be proved on oath to the satisfaction of the court, that the witness is dead. Phillips, 277, and the cases there cited. Our act of 1715, ch. 16, is substantially the same with the 2d and 3d Ph. and M. ch. 10, on this point; and always has been practised under in the State of North Carolina, ■since the revolution as well as before. It has been retained by Judge Iredell in his revisal of the laws of that State, which shows.his opinion to be, that its provisions were not repugnant to the North Carolina constitution: and we have an adjudged case in the supreme court of that State, in the year 1794, where, in a case of horse-stealing, a deposition was offered in evidence, that was taken in the absence of the prisoner. It was rejected on the ground, that it was not taken in his presence, when he could have had the liberty to cross-examine. This case necessarily admits the principle, that depositions, under proper circumstances, may be read on trial against a prisoner; and the act of 1715, ch.10, is. adverted to as the law of the land. State vs. Webb, 1 Haywood, 104. Our constitution is substantially the same, on the point on which this objection is founded, with the constitution of North Carolina. The expression in our constitution, sec. 9, is, “the accused has a right to meet the witnesses face to face.” In the constitution of *60 North Carolina, it is, sec. 7, “every roan hath a right to confront the accusers and witnesses with other testimony.” The expression in both means the same thing, and any implications that might be raised on the diction in the one case, with the same and equal propriety might be raised in the other. It therefore seems to me, that as the act of 1715, ch. 10, has been considered the law of North Carolina since the revolution, and depositions pursuant thereto fyave been read in evidence upon trial, up-* on a proper ground laid and proved, without being considered an infringement of their constitution; and as our constitution and practice are the same, we cansee no reason for a change of that practice; but on the other hand, a change as contended for, would carry with it an induce-; ment for the commissionof additional crimes: for were it a rule, that the evidence taken under the áct of 1715, ch. 10, upon a commitment, could not be read in evidence on the trial of the indictment for the same offence, the death of the witness upon trial would be tantamount to an acquittal; and the inducement to procure the former, to wit> the death of the witness, would be precisely as great, as that to effectuate the latter or the acquittal. There was no error in the circuit court. Judgment affirmed.